**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION**

T & T MARINE, LLC                                                                                               PLAINTIFF

V.                                                                                    CAUSE NO.: 4:08CV02-SA-DAS

MAGNOLIA LOGISTICS, LLC, and
ECOPRODUCT SOLUTIONS, L.P.                                                                         DEFENDANTS

## ORDER ON MOTIONS

T & T Marine, LLC ("T & T") filed a Motion for Partial Summary Judgment [24] in this case. Defendants Magnolia Logistics, LLC, and Ecoproduct Solutions, L.P., have also filed a Motion to Continue [29], Motion to Dismiss, Transfer or Abate under Rule 12(b)(7) [45], Motion to Continue [52], and a Motion to Strike [71]. After reviewing the motions, responses, rules, and authorities, the Court finds as follows:

T & T filed this lawsuit against Magnolia Logistics, LLC, ("Magnolia") and Ecoproduct Solutions, L.P., ("Ecoproduct") for breach of three maritime contracts. On January 17, 2007, T & T and Magnolia entered into a Bareboat Charter under which T & T chartered to Magnolia a barge identified as TT11003 beginning on January 12, 2007. In December of 2006, Magnolia chartered barge TT25001 from T & T for a term beginning on February 10, 2007. Also, on December 22, 2006, T & T and Magnolia entered into a Bareboat Barge Charter of barges TT23601 and TT23602 for a term beginning February 1, 2007.

Plaintiff contends it is owed delinquent charter hire as of December 19, 2007, together with expenses, costs, attorneys' fees, and litigation expenses.

*Jurisdictional Issues*

United States Code Title 28 Section 1333 grants to the district courts exclusive and original

jurisdiction over admiralty and maritime civil actions. In addition to this statutory grant of jurisdiction, this Court has contractual jurisdiction under the three agreements in issue here. It is undisputed that the maritime contracts stipulate that "the jurisdiction of any disputes shall be in the United States District Court of the Northern District of Mississippi."

Defendants assert that this Court should transfer this case to the Southern District of Texas to consolidate this matter with another pending action. Alternatively, Defendants request that this Court abate this action in favor of the action pending in the Southern District of Texas due to the parties being amenable to process in that jurisdiction.

Plaintiff filed this action in the Northern District of Mississippi on January 7, 2008. The Southern District of Texas action was not filed until April 9, 2009. Discovery in this case has been substantially completed, as the pertinent deadlines for motions and discovery have passed. Moreover, the parties agreed that the Northern District of Mississippi is the proper venue for any disputes under the contracts. Accordingly, the case is properly before this Court, and the Court will not transfer or abate this action. Defendants' Motion to Dismiss [45] is DENIED.

*Motion for Partial Summary Judgment*

When considering a motion for summary judgment, the movant has the initial burden of showing the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 325, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986) ("the burden on the moving party may be discharged by 'showing'...that there is an absence of evidence to support the nonmoving party's case"). The burden then shifts to the nonmovant to "go beyond the pleadings and by . . . affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" Id. at 324, 106 S. Ct. 2548 (citing FED. R. CIV. P. 56(c), (e)).

Rule 56(c) mandates the entry of summary judgment "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Id. at 322, 106 S. Ct. 2548. Before finding that no genuine issue for trial exists, the court must first be satisfied that no reasonable trier of fact could find for the nonmovant. Matsushita Elec. Indus. v. Zenith Radio Corp., 475 U.S. 574, 587, 106 S. Ct. 1348, 89 L. Ed. 2d 538 (1986).

Plaintiff contends it is entitled to summary judgment as to contractual liability. Indeed, neither party disputes that the contract of January 2007 and the two contracts executed in December 2006 were freely entered into and binding upon the parties. Moreover, neither party disputes that Magnolia breached the contract by failing to pay T & T charter fees. Therefore, the only disputed issue in this case is what fees and expenses T & T is entitled to recover.

Accordingly, T & T's Motion for Partial Summary Judgment [24] is GRANTED as to contractual liability. T & T suggests in its Second Response that this Court should refer the damage allocation inquiry to the magistrate judge assigned to this case. If both parties are agreeable to this arrangement, they are directed to execute and enter on the docket a Consent to the Exercise of Jurisdiction by a United States Magistrate Judge within ten days of the date of this Order. If the parties do not consent to the magistrate judge determining the damages in this matter, the bench trial is scheduled for November 30, 2009.

*Conclusion*

Defendants' Motion to Dismiss [45] is DENIED as this Court is properly exercising jurisdiction. Plaintiff's Motion for Partial Summary Judgment [24] is GRANTED as to contractual liability. The parties are directed to file a Consent to the Exercise of Jurisdiction within ten days of

the date of this Order if they wish for Magistrate Judge Sanders to determine the damages due under the contracts. Defendants' motions to continue [29, 52] are DENIED AS MOOT, and Defendants' Motion to Strike [71] is DENIED, as the Court did not consider that affidavit in ruling on the Motion for Partial Summary Judgment.

SO ORDERED, this the 21st day of September, 2009.

/s/ Sharion Aycock
**U.S. DISTRICT JUDGE**